# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

HEATHER DAWN PRYCE-DAWES, )
          Plaintiff, )
vs. ) Case No. 10-cv-85-TLW
MICHAEL J. ASTRUE, )
Commissioner of the Social Security )
Administration, )
          Defendant. )

## OPINION AND ORDER

Plaintiff Heather Dawn Pryce-Dawes, pursuant to 42 U.S.C. § 1382c(a)(3)(A), requests judicial review of the decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits under Title XVI of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned United States Magistrate Judge. (Dkt. # 9). Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

## Review

When applying for disability benefits, a plaintiff bears the initial burden of proving that he or she is disabled. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 416.912(a). "Disabled" under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A plaintiff is disabled under the Act only if his or her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy." 42 U.S.C. § 423(d)(2)(A). Social Security

regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail). "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750.

The role of the court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. § 416.908. The evidence must

come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 416.913(a).

## Background

Plaintiff protectively filed her application for supplemental security income on July 18, 2001, alleging an inability to work since March 1, 2001. On January 3, 2003, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled at step five of the sequential evaluation process. The District Court upheld the ALJ's decision, but the Tenth Circuit remanded on February 2, 2006 (discussed below). Upon remand, the ALJ issued another unfavorable decision. The ALJ determined that plaintiff's anxiety, depression, and personality disorder were severe impairments, but these impairments did not meet or equal a Listing (R. 253-54). Next, the ALJ determined that plaintiff could perform medium work activity with simple, repetitive tasks and only incidental contact with the public. Based on vocational expert (VE) testimony, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy. Thus, the ALJ concluded that Plaintiff was not disabled. Plaintiff appeals the Commissioner's final decision.

The Tenth Circuit's remand was based on two errors: (1) "the ALJ's credibility determination [was] not closely and affirmatively linked to substantial evidence"; and (2) the ALJ failed to discuss testimony from the VE that was contrary to his ultimate finding. Pryce-Dawes v. Barnhart, 166 Fed.App'x 348, 350-51 (10th Cir. 2006). Plaintiff again raises these issues and a third issue, arguing that the ALJ failed to perform a proper evaluation of the medical source providers. The third issue was previously rejected by the Tenth Circuit and is rejected again here for the same reasons. Id. at 351-52.

As to the first issue, this Court's review is limited, and reweighing the evidence is not permissible. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). An ALJ's credibility findings warrant particular deference, because he is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). Thus, the ALJ's judgment regarding credibility will stand if supported by substantial evidence. Gay, 986 F.2d at 1341 (10th Cir. 1993).

The ALJ set forth plaintiff's testimony regarding her daily activities and her alleged disability in detail. (R. 255-56). He then stated that "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extent alleged, as they are inconsistent with the residual functional capacity assessment for the reasons explained below." (R. 256). Next, the ALJ recited a large amount of medical evidence that he believed supported his credibility finding.

The ALJ noted the medical evidence from Peggy C. Bowen, Ph.D. who indicated that plaintiff's attention span appeared normal and her thought processes were "logical, coherent, relevant, and goal directed." (R. 257). Dr. Bowen also reported that plaintiff "was able to care for her own personal hygiene and grooming, cooks food, does laundry, dishes, and cleans her trailer." Id. The ALJ noted plaintiff's 2002 statement to Jean Bernard, M.D., a consultative examiner, that she never had any alcoholic beverages. Id. The ALJ also cited plaintiff's 2007 consultative psychological evaluation with Minor Gordon, Ph.D, in which she admitted to occasional alcohol use, but denied any past problem. (R. 258-59). The ALJ cited Dr. Gordon's

4

notes that plaintiff had admitted she has "ongoing problems with cannabis abuse." (R. 259). The ALJ cited plaintiff's ability to care for her own children and to work as a housekeeper two days a week. (R. 260). The ALJ cited the contradiction between various office treatment notes and her complaints about side effects from her medications. <u>Id.</u> The ALJ noted that plaintiff has not been entirely compliant in taking her medications and that when she is compliant, the medications have been relatively effective in controlling plaintiff's depression. <u>Id.</u> The ALJ specifically referenced plaintiff's October, 2004 request that Grand Lake Mental Health Center close her account as she was no longer in need of services. <u>Id.</u> Based on this evidence, and additional evidence in the ALJ's decision, the ALJ made his credibility finding, which the Court finds is closely and affirmatively linked to substantial evidence, as required by the Tenth Circuit.

As to the ALJ's consideration of the VE's testimony, plaintiff argues that the ALJ committed the identical error that he committed in his first decision:

> The ALJ ignored the hearing testimony of the VE at the second hearing, just as he had done in the first hearing. At that hearing the VE testified that the moderate limitations of social functioning and of concentration, persistence or pace "certainly could" "affect a person's ability to maintain employment." The VE further testified "in those two areas, particularly persistence or pace in unskilled jobs, over a period of time I would think it would affect." It was wrong for the ALJ to ignore this testimony. It was an important consideration in the remand of the case.

(Dkt. # 17 at 3) (footnotes and numbering omitted). Specifically, plaintiff argues that the ALJ ignored the following testimony from the VE regarding "the State agency reviewers' Psychological Review Technique" (PRT):

> All, all these moderate together, I think you just pick one, I would say it would affect it, but all of them together I think you would have similar to the hypothetical where a person might miss a day, more than two days a month or if that's what would happen, then this, the person -- there might be a few employers that would tolerate it, but most of them wouldn't, over a period of time.

(Dkt. # 17 at 3). During the hearing, plaintiff's counsel first referred the VE to Exhibit 5F but then referred the VE to Exhibit 12F. Exhibit 12F is not a PRT and consists of progress notes from Grand Lake Mental Health Center, along with a Medical Source Statement. Exhibit 5F is a PRT completed by a DDS physician on October 2, 2001. (R. 2). There is second PRT identified as Exhibit 8F, which is dated December 12, 2001, also completed by a DDS physician. (R. 3). Plaintiff's brief cites to the Record at page 197, which is the December 12, 2001 PRT (Exhibit 8F). (Dkt. # 17 at 4 n.24). It is this PRT that the Court will consider.

The issue raised at the hearing by plaintiff's counsel was whether or not a person with plaintiff's RFC who missed work two times a month could sustain full-time employment. (R. 488). The VE looked at Exhibit 8F and said, "Yes, based on this, this person would not be able to hold employment." (R. 489). The page on Exhibit 8F referred to by plaintiff's counsel indicates that plaintiff's degree of limitation with respect to episodes of decompensation of extended duration is "one or two." (R. 197). The Court can find no reference to Exhibit 8F in the ALJ's decision. The Court also can find no reference to the VE's testimony regarding Exhibit 8F. For the reasons stated in the Tenth Circuit's opinion on plaintiff's initial appeal, this matter must be remanded for the ALJ to explain his consideration of Exhibit 8F and the VE's testimony as it relates to Exhibit 8F, and the impact, if any, of this consideration on step five of the ALJ's analysis. If the ALJ did not consider Exhibit 8F and the VE's testimony regarding Exhibit 8F, the ALJ is instructed to do so. No further development of the record is necessary, and the ALJ's decision is otherwise AFFIRMED.

## Conclusion

The decision of the Commissioner finding plaintiff not disabled is hereby REVERSED in part, and this case is REMANDED solely for the purpose of allowing the ALJ to explain his

consideration of Exhibit 8F and the VE's testimony regarding Exhibit 8F. If the ALJ did not consider Exhibit 8F and the VE's testimony regarding Exhibit 8F, the ALJ is instructed to do so. No further development of the record is necessary, and the ALJ's decision is otherwise AFFIRMED.

SO ORDERED this 31st day of March, 2011.

T. Lane Wilson
United States Magistrate Judge