# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER DAWN PRYCE-DAWES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner, ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) | Case No. 10-cv-085-TLW |

## OPINION AND ORDER

Before the undersigned is plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act. (Dkt. # 31). Plaintiff seeks an award of attorney fees pursuant to 28 U.S.C. § 2412 (the "EAJA") in the total amount of $6,708.15. The Commissioner does not object to a fee award but does object to the reasonableness of the request. (Dkt. # 32).

Title 28, Section 2412 of the U.S. Code requires the United States to pay attorney fees and expenses to a "prevailing party," unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. Kemp v. Bowen, 822 F.2d 966, 967 (10th Cir. 1987). In addition, once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. Hackett v. Barnhart, 475 F.3d 1166, 1170 (10th Cir. 2007). Since the government does not object to a fee award, there can be no finding that the government has met its burden of showing that its position was substantially justified.

The government asserts that the fee amount sought by plaintiff is unreasonable. Only "reasonable attorney fees" may be awarded under the EAJA. 28 U.S.C. § 2412(d)(2)(A). The Court is required to examine the request to determine whether the fees requested are reasonable, and the plaintiff bears the burden of proving that the requested hours are reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Plaintiff seeks an award for 42.6 hours of attorney time expended on this federal action which counsel has subsequently, voluntarily reduced by 10%. The Commissioner argues that counsel for plaintiff has billed for 12 unnecessary hours in writing a 3 page reply brief. Therefore, the Commissioner suggests that rather than the $6,708.15 requested by plaintiff, that plaintiff's counsel be awarded $5,353.50. The undersigned has reviewed the time records submitted by plaintiff's counsel and finds them reasonable. Although the Commissioner did not raise any new issues in its response brief, the Tenth circuit has held that a reply brief that addresses the Commissioner's response, emphasizing the administrative law judge's errors, does not constitute time that was either unnecessary or redundant. Cameron v. Barnhart, 47 Fed.Appx. 547, 551-552 (10th Cir. 2002)

Based on the foregoing, the undersigned GRANTS plaintiff's Motion for Equal Access to Justice Act Fees [dkt. # 31] in the amount of $6,708.15. Pursuant to the Commissioner's usual practice, the check should be made payable to plaintiff and mailed to counsel's address. See Manning v. Astrue, 510 F.3d 1246, 1254-55 (10th Cir. 2007) (the award of EAJA attorney fees is to claimant and not to the attorney). If attorney fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel is directed to refund the smaller award to plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 25th day of July, 2011.

T. Lane Wilson
United States Magistrate Judge