IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

HEATHER DAWN PRYCE-DAWES,    )
                             )
         Plaintiff,          )
                             )
vs.                          )   Case No. 10-cv-85-TLW
                             )
MICHAEL J. ASTRUE,           )
Commissioner of the Social Security )
Administration,              )
                             )
         Defendant.          )

**OPINION AND ORDER**

Before the Court is plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6). (Dkt. # 41). On March 26, 2012, the Court denied plaintiff's second Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (dkt. # 38) for the reason that it was not filed within thirty days of the date on which the judgment in this case became final. (Dkt. # 40). Plaintiff's motion sought fees incurred by plaintiff in filing a reply brief in support of her original EAJA motion. Plaintiff now invokes Rule 60(b)(6) and asks that the Court grant her what she is now referring to as a supplemental fee motion, pointing out that the Court "has not had an established policy on the proper procedural treatment for the filing of a supplemental EAJA application." (Dkt. # 41 at 5).

More precisely stated, plaintiff is correct that the Court has not established a procedure for seeking fees incurred in filing a reply in support of an opposed EAJA fee motion. Since EAJA fee motions are not always challenged, the reply provides the most efficient opportunity for a plaintiff to explain why the government's position was not substantially justified. The best practice for seeking the fees incurred in filing such a reply is to request the fees in the reply itself, which is the procedure used for seeking fees incurred for filing the opening EAJA motion.

Instead of doing so, plaintiff simply filed what was styled as another EAJA motion. In the future, plaintiff's counsel shall file any such request as a part of the reply. The Commissioner will then be provided one week to respond to the supplemental fee request.

As to the pending motion, because the Court had not established a procedure for seeking the fees at issue here, and for the reason that plaintiff filed her second motion within thirty days of prevailing on her initial EAJA motion, plaintiff's Rule 60(b)(6) motion is granted. This Order does not constitute a finding that plaintiff's second EAJA motion was timely filed. Rather, it amounts to a finding that plaintiff's untimely filing of her second EAJA motion was understandable and reasonable.

For the foregoing reasons, plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) is granted. (Dkt. # 41). Plaintiff is awarded $1,503.60 in attorney fees. Pursuant to the Commissioner's usual practice, the check should be made payable to plaintiff and mailed to counsel's address. See Manning v. Astrue, 510 F.3d 1246, 1254-55 (10th Cir. 2007) (the award of EAJA attorneys' fees is to claimant and not to the attorney). If attorneys' fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 1st day of June, 2012.

_____
T. Lane Wilson
United States Magistrate Judge